UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **JOHN W. MULLIN II** | ) |
| Plaintiff, | ) |
| | ) 1:11-cv-0941 TWP-DML |
| v. | ) Civil Action No. _____ |
| | ) |
| **TEMCO MACHINERY, INC.** | ) |
| Defendant. | ) |

### COMPLAINT FOR DAMAGES – WITH JURY DEMAND

Plaintiff John W. Mullin II, by counsel, for his Complaint against Defendant Temco Machinery, Inc., states as follows:

### JURISDICTION AND VENUE

1. This suit is brought under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et. seq.* This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and 29 U.S.C. § 626.

2. All acts alleged herein were committed within the Southern District of Indiana and venue is proper within this District and Division pursuant to 28 U.S.C. § 1391(b).

### PARTIES

3. Plaintiff John W. Mullin II ("Mullin") is a citizen of the United States and the State of Indiana, and at all relevant times has been a resident of Marion County, Indiana.

4. During the course of his employment at Temco Machinery, Inc., Mullin was an "employee" of Temco Machinery, Inc. within the meaning of the Age Discrimination in Employment Act (ADEA).

5. Defendant Temco Machinery, Inc. ("Temco") is a for-profit corporation, which conducts business within the territorial jurisdiction of this Court from its facilities located at 4212 Perry Boulevard, Whitestown, Indiana 46075.

6. Temco is an "employer" within the meaning of the Age Discrimination in Employment Act (ADEA).

## FACTS

7. Mullin began working for Temco Machinery, Inc. in 2006.

8. Mullin worked as a Sales Associate out of Temco's office located at 4212 Perry Boulevard, Whitestown, Indiana 46075.

9. Throughout Mullin's employment with Temco, he was responsible for selling fire trucks and related equipment, building relationships with customers and potential customers, traveling through his assigned territory, and participating in conventions and fire departments' activities.

10. Mullin met or exceeded Temco's expectations throughout his employment at Temco.

11. On May 13, 2010, Mullin was informed that he was being released from Temco.

12. Shortly after Mullin's termination, Temco hired two new Indiana salespeople, one of whom was age 24, and the other of whom was age 29.

## ADMINISTRATIVE PROCEDURES

13. On November 8, 2010, Mullin filed a timely charge of age discrimination against Temco with the Equal Employment Opportunity Commission ("EEOC") under charge number 470-2011-00478. A true and accurate copy of the charge is attached hereto as Exhibit A.

14. The EEOC had jurisdiction over that charge for more than 60 days, and on April 18, 2011, it issued Mullin a Notice of Right to Sue which was received on April 19, 2011. A true and accurate copy of the Notice of Right to Sue is attached hereto as Exhibit B.

15. Mullin has ninety (90) days from the receipt of the Notice of Right to Sue, up to and including, July 18, 2011, to file his Complaint, which time has not passed.

## COUNT I – WILLFUL AGE DISCRIMINATION

16. All preceding paragraphs are incorporated herein by reference.

17. Over the course of his employment at Temco, Mullin received excellent performance reviews as evidenced by his promotions, awards, and performance appraisals.

18. Nevertheless, on or about May 13, 2010, Temco terminated Mullin.

19. Mullin, who was born in 1953, was 56 years old at the time of his termination from Temco.

20. Temco engaged in unlawful discrimination in violation of the Age Discrimination in Employment Act (ADEA) when it terminated Mullin on account of his age and replaced him with two substantially younger Indiana salespeople with considerably less experience.

21. Temco has willfully and intentionally engaged in discriminatory treatment of Mullin on the basis of age and has acted with malice or reckless disregard of Mullin's rights as an older employee.

**WHEREFORE**, Plaintiff John W. Mullin II prays for the judgment of this Court against Defendant Temco Machinery, Inc. as follows:

A. An award of backpay with prejudgment interest for the salary and other employment benefits and opportunities that the Plaintiff has lost as a result of the Defendant's age discrimination and eventual termination from employment with the Defendant.

B. Liquidated damages in an amount equal to Plaintiff's lost earnings and benefits because Defendant's violation of the ADEA was willful.

C. An order directing the Defendant to reinstate the Plaintiff.

D. In the event the Court determines that it would be inappropriate to direct the employment of the Plaintiff as an employee of the Defendant, an award of damages to compensate the Plaintiff for the losses that he reasonably will sustain as the result of being denied continued employment with the Defendant.

E. An award of attorneys fees and costs.

F. Such other relief as may be just and proper.

Respectfully submitted,

**MACEY SWANSON AND ALLMAN**

_____
Barry A. Macey, Atty No. 8964-49
Quincy E. Sauer, Atty No. 27320-49
Attorneys for Plaintiff John W. Mullin II

**MACEY SWANSON AND ALLMAN**
445 North Pennsylvania Street
Suite 401
Indianapolis, IN 46204-1800
Telephone: (317)637-2345
Facsimile: (317)637-2369
E-Mail: qsauer@maceylaw.com

## JURY DEMAND

Now comes the Plaintiff, by counsel, and demands that this cause be tried to a jury on all issues so triable.

Respectfully submitted,

**MACEY SWANSON AND ALLMAN**

_____
Barry A. Macey, Atty No. 8964-49
Quincy E. Sauer, Atty No. 27320-49
Attorneys for Plaintiff John W. Mullin II

**MACEY SWANSON AND ALLMAN**
445 North Pennsylvania Street
Suite 401
Indianapolis, IN 46204-1800
Telephone: (317)637-2345
Facsimile: (317)637-2369
E-Mail: qsauer@maceylaw.com