UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOHN W. MULLIN, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:11-cv-00941-TWP-DML |
| | ) | |
| TEMCO MACHINERY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON PENDING MOTIONS**

This matter is before the Court on several pending motions. The parties have each filed Motions *in Limine* (Filing No. 84 and Filing No. 87), and Motions for Separation of Witnesses (Filing No. 97 and Filing No. 103), as well as objections to and motions to exclude witnesses and exhibits (Filing No. 93, Filing No. 94 and Filing No. 99). A trial in this matter under the Age Discrimination in Employment Act ("ADEA") is set for October 20, 2014. The Court makes the following rulings in advance of the final pretrial conference scheduled for September 24, 2014.

**I.   MOTIONS *IN LIMINE***

The court excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id*. at 1400-01. Moreover, denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the court is unable to determine whether the evidence should be excluded. *Id*. at 1401.

### A. Mr. Mullin's Motion *in limine* ([Filing No. 84](#))

#### 1. The Sale of a Fire Truck

Plaintiff, John W. Mullin, II ("Mr. Mullin"), seeks the exclusion of four categories of evidence. Defendant, Temco Machinery, Inc. ("Temco"), does not object to the exclusion of evidence relating to Mr. Mullin's role in the sale of a fire truck in New Albany, Indiana in 2014, thus the Court **GRANTS** the Motion as to this category.

#### 2. 183 Pages of Documents Produced on August 20, 2014

Mr. Mullin seeks the exclusion of 183 pages of documents he alleges were produced in violation of Federal Rule of Civil Procedure 37(c)(1). Temco argues that it produced the additional discovery in compliance with the Joint Position Statement Following Remand filed by the parties on November 22, 2013 ([Filing No. 68](#).). In the Position Statement, the parties agreed that additional discovery should be completed within 60 days of trial, absent leave of court. The Court first finds that many of the 183 pages have not been marked as trial exhibits, and to the extent that such materials are not intended to be used at trial, Mr. Mullin's Motion is **DENIED**. However, several of the pages have been identified as exhibits and the Court will discuss them below.

Mr. Mullin objects to Temco's Exhibit 214, which is a sales record for Mr. Mullin that was produced on August 20, 2014. Mr. Mullin explains that this information was sought from Temco in 2012 on two separate occasions, yet only a partial version of Exhibit 214 was produced. The Court acknowledges that the Joint Position Statement provided for additional discovery, but the Court is concerned by Temco's alleged withholding of documents until after appeal. The Court will defer ruling on this portion of the motion until the final pretrial conference and the parties shall be prepared to argue their position on this issue.

Mr. Mullin also objects to Temco's Exhibit 217, an email communication between Mike Freely and Greg Hinkens, which was also produced on August 20, 2014. Mr. Mullin simply argues that the late disclosure violates Federal Rule of Civil Procedure 37(c)(1) and that it is irrelevant. Without more, the Court cannot say at this stage that the production of the email was a discovery violation and that the content is inadmissible for any purpose. Therefore, the Motion is **DENIED** as to this evidence.

### 3. Roger Johnson's Statements about Mr. Mullin's Work Performance

Mr. Mullin seeks exclusion of Roger Johnson's ("Mr. Johnson") statement about Mr. Mullin's work performance for lack of personal knowledge. Mr. Johnson testified at his deposition as to conversations he had with Temco management staff Mike Mikoola and Ronald Baylog regarding Mr. Mullin's work performance. Temco argues that Mr. Johnson has personal knowledge of the conversations and that his testimony is relevant to whether Temco management gave pretextual reasons for Mr. Mullin's termination. The Court agrees that Mr. Johnson's testimony could be admissible as non-hearsay to rebut Mr. Mullin's arguments that the reasons were pretextual or to rehabilitate Temco's credibility. A ruling on the admissibility of this evidence is better left to be made at trial. Therefore, the motion as to this evidence is **DENIED**

### 4. Mr. Johnson's Employment with Temco beginning in July 2010

Mr. Mullin seeks the exclusion of evidence relating to Mr. Johnson's employment as temporary support staff for Temco after Mr. Mullin's termination because Mr. Johnson was 68 years old, he is not similarly-situated, and such would be prejudicial and misleading to the jury. Temco argues that Mr. Johnson's testimony about his time as a Temco employee has probative value regarding whether Mr. Mullin's termination occurred under pretext. The Court agrees that Mr. Johnson's testimony has probative value on the issue of pretext and about the employees who

allegedly took over Mr. Mullin's sales territory. Temco's response indicates that Mr. Johnson's age is not of importance and he will not be offered a "similarly situated employee." For these reasons, the Court cannot find that Mr. Johnson's testimony is inadmissible for any purpose. Therefore, Mr. Mullin's Motion is **DENIED** as to this evidence.

Thus, Mr. Mullin's Motion *in limine* is **GRANTED in part** and **DENIED in part**. The following evidence will be excluded: sale of a fire truck in New Albany, Indiana in 2014. The Court reserves ruling on the exclusion of the sales records contained in Temco's Exhibit 214.

B.  **Defendant's Motion *in limine* ([Filing No. 87](#))**

Temco seeks the exclusion of four categories of evidence, to which Mr. Mullin objects to only two categories.

### 1. Settlement Discussions

Mr. Mullin does not object to the motion regarding evidence relating to settlement offers or negotiations and evidence relating to the summary judgment and appeals proceedings in this case. The Court agrees with the parties that such evidence is rightfully excluded and **GRANTS** Temco's Motion.

### 2. Summary judgment and Appeals Proceedings

Mr. Mullin does not object to the motion regarding evidence relating to the summary judgment and appeals proceedings in this case. The Court agrees that such evidence is rightfully excluded and **GRANTS** Temco's Motion.

### 3. Front and Back Pay

Mr. Mullin concedes that front pay is an issue for the Court to decide, he objects, however, to excluding evidence about back pay from the jury. Temco seeks exclusion of evidence relating to front and back pay, arguing that such is an equitable form of relief properly determined by the

Court and not the jury. This is true in employment actions under Title VII or the Americans with Disabilities Act. It is also true that front pay and reinstatement are matters reserved for the Court in ADEA cases. However, the issue of back pay in ADEA cases is not exclusively reserved for the Court. See, 7th Circuit Pattern Jury Instructions Civil, comments to 3.10, p. 77 ("Under Title VII and the ADA, back pay and front pay are equitable remedies to be decided by the court.").

There is no authority supporting Temco's assertion that back pay cannot be a jury question in ADEA cases. A review of the case law reveals that the issue of back pay is routinely presented to juries in ADEA cases. *See, e.g.*, *Mattenson v. Baxter Healthcare Corp.*, 438 F.3d 763, 765 (7th Cir. 2006) (noting the jury's verdict of "more than half a million dollars in back pay") *Downes v. Volkswagen of Am., Inc.*, 41 F.3d 1132, 1143 (7th Cir. 1994) (discussing jury's back pay award in ADEA case); *Moore v. Unv. of Notre Dame*, 22 F. Supp. 2d 896, 906 (N.D. Ind. 1998) (determining whether court should award front pay and noting that the jury awarded back pay). Therefore, the Court finds it is appropriate to submit the question of back pay to the jury. This is particularly appropriate because "unlike Title VII, the ADEA permits damages only in the form of lost wages (past or future), not compensatory damages for pain and suffering or emotional distress." *Stone v. Board of Trusts. of N. Ill. Univ.*, __ F. Supp. 2d __, 2014 WL 3845164, at *6 (N.D. Ill. Aug. 5, 2014) (quoting *Fugate v. Dolgencorp, LLC*, 555 F. App'x 600, 603 n.1 (7th Cir. 2014)). Thus, Temco's motion on the issue of back pay is **DENIED**. The parties shall be prepared to discuss whether bifurcation of the liability and damages portions is appropriate at the final pretrial conference. See, Fed. R. Civ. Pro. 42(b).

   4.   **EEOC Charge**

Mr. Mullin also objects to the exclusion of reference to matters related to the Equal Employment Opportunity Commission ("EEOC") charge. Temco seeks the exclusion of evidence

regarding the filing of Mr. Mullin's charge with the EEOC. Ordinarily, such evidence is irrelevant. However, Mr. Mullin argues that the specific date of his filing is relevant to whether Temco improperly destroyed call logs after it was on notice that Mr. Mullin had filed a charge with the EEOC. On appeal, the Seventh Circuit made note of this discrepancy in the record. As such, Mr. Mullin has shown that this evidence is relevant. In its objection to Mr. Mullin's trial exhibits, Temco states that it will stipulate to the date upon which EEOC proceedings were initiated and the date upon which it received notice of such proceedings. If Mr. Mullin will accept the stipulation, evidence of filing the EEOC charge will not be relevant. At the final pretrial, the parties should be prepared to discuss whether they have arrived at a stipulation of the relevant facts. For now, the Court **DENIES** the Motion on this issue.

Mr. Mullin also argues that Temco's position statement is relevant evidence on the issue of Temco giving shifting reasons for terminating Mr. Mullin. The pertinent issue here is whether Temco's position statement to the EEOC is consistent with other statements made by Temco during litigation. *See Gage v. Metro. Water Reclamation Dist. of Greater Chi.*, 365 F. Supp. 2d 919, 936 (N.D. Ill. 2005). "An employer's position statement in an EEOC proceeding may be admissible to the extent it constitutes an admission, or to show the employer has given inconsistent statements in justifying its challenged decision, which may tend to prove that its stated reasons are pretext." *Id.* at 936–37 (quotation omitted). The Court finds that the EEOC position statement is not inadmissible for any purpose, and thus a ruling *in limine* is inappropriate. If the testimony or evidence at trial contradicts the position statement, Mr. Mullin is entitled to use the position statement to impeach the credibility of a witness or evidence. Therefore, the Motion is **DENIED**, although Mr. Mullin is not entitled to submit evidence about the EEOC proceedings absent a specific and admissible purpose.

Thus, Temco's Motion *in limine* is **GRANTED in part** and **DENIED in part**. The following categories of evidence are excluded: front pay and reinstatement, settlement discussions, and summary judgment and appeals proceedings. Evidence related to Mr. Mullin's EEOC charge, contingent on the filing of a stipulation and Temco's EEOC position statement, will be admissible for a proper purpose. The Court reserves ruling on the evidence regarding back pay.

### II. OBJECTIONS TO WITNESS AND EXHIBITS LISTS

**A.    Plaintiff's Objections to Defendant's Trial Witness List ([Filing No. 93](#))**

Mr. Mullin objects to Temco's witnesses Mike DuFrane and Dale Henson.

Mr. DuFrane, a vice president of Pierce Manufacturing, was first disclosed to Mr. Mullin on September 9, 2014. Mr. DuFrane is identified as the representative of Pierce that called Mike Mikoola of Temco sometime during the winter of 2009-2010, to inform Mr. Mikoola that Mr. Mullin had called in sick rather than lead a factory tour. This incident is highly contested by the parties. There is no doubt this is a late disclosure of a witness under Federal Rule of Civil Procedure 37(c)(1), but whether such a discovery violation results in the striking of a witness is left to the broad discretion of the trial court and depends on whether the failure to disclose is substantially justified or harmless. *See Dynegy Mktg. & Trade v. Multiut Corp.*, 648 F.3d 506, 515 (7th Cir. 2011). The Court is guided by four factors: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Tribble v. Evangelides*, 670 F.3d 753, 760 (7th Cir. 2012); *Westefer v. Snyder*, 422 F.3d 570, 584 n.21 (7th Cir. 2005).

Mr. Mullin makes a similar objection to Dale Henson. Mr. Henson was not included on Temco's final witness list, but a letter from Mr. Henson is included on its final exhibits list. The

7

parties should be prepared to argue their positions on this issue at the final pretrial conference, focusing on the four factors identified above.

**B.      Plaintiff's Objections to Defendant's Trial Exhibit List And Motion to Strike Exhibits 214, 214, 219 and Portions of 222 from Defendant's Trial Exhibit List ([Filing No. 94](#))**

Mr. Mullin requests that the Court strike Exhibits 214, 217 and 219 from Defendant's Amended Trial Exhibit List ([Filing No. 92](#)) based upon late disclosure of these exhibits. Exhibits 214 and 217 were previously addressed in the rulings on motions' *in limine*. Mr. Mullin argues that Temco did not produce these documents until August 20, 2014, and therefore, under Federal Rule of Civil Procedure 37 the exhibits should be stricken. If a party fails to provide information or identity a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1). At the final pretrial conference, the parties should be prepared to discuss their positions on whether the disclosure is late and, if so, was the failure to produce the documents earlier justified or harmless.

Mr. Mullin also asks the Court to strike portions of Exhibit 222 – the video and transcript of Mr. Johnson's deposition testimony. The Court has ruled in this Entry that the admissibility of Mr. Johnson's testimony shall be determined at the time of trial. Accordingly, the admissibility of portions of Exhibit 222, will be made during trial and the motion to strike this exhibit is **DENIED**.

**C.      Defendant's Objections and Motion to Exclude Trial Testimony and Exhibits of Plaintiff ([Filing No. 99](#))**

Temco objects to numerous witnesses and exhibits on Mr. Mullin's witness and exhibit lists on several bases. Parties should be prepared to discuss their positon on each witness and exhibit at the final pretrial conference.

8

### III. MOTIONS FOR SEPARATION OF WITNESSES

The parties have each filed motions for separation of witnesses at trial. Mr. Mullin's Motion (Filing No. 97) and Temco's Motion (Filing No. 103) are **GRANTED**.

### IV. CONCLUSION

Accordingly, Mr. Mullin's Motion *in limine* (Filing No. 84) is **GRANTED in part** and **DENIED in part**. Temco's Motion *in limine* (Filing No. 87) is **GRANTED in part** and **DENIED in part**. The parties' individual Motions for Separation of Witnesses (Filing No. 97 and Filing No. 103) are **GRANTED**. The parties' specific objections to witnesses and exhibits will be addressed at the final pretrial conference. Parties shall be prepared to meet with Magistrate Judge Lynch after the final pretrial conference. The final pretrial conference remains set September 24, 2014 at 10:00 a.m., but it will now be held in **Courtroom 344**, Birch Bayh Federal Building and United States Courthouse, Indianapolis, Indiana.

**SO ORDERED.**

Date: 9/23/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jeffrey A. Macey
MACEY SWANSON & ALLMAN
jmacey@maceylaw.com

Quincy Erica Sauer
MACEY SWANSON & ALLMAN
qsauer@maceylaw.com

Barry A. Macey
MACEY SWANSON AND ALLMAN
bmacey@maceylaw.com

Daniel Joseph Layden
WILLIAMS BARRETT & WILKOWSKI, LLP
dlayden@wbwlawyers.com

William W. Barrett
WILLIAMS HEWITT BARRETT & WILKOWSKI LLP
wbarrett@wbwlawyers.com

Michelle L. Findley
WILLIAMS HEWITT BARRETT & WILKOWSKI LLP
mfindley@wbwlawyers.com