UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN W. MULLIN, II, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:11-cv-00941-TWP-DML |
| TEMCO MACHINERY, INC., | ) |
| Defendant. | ) |

## ENTRY FOLLOWING FINAL PRETRIAL CONFERENCE

This matter was before the Court for a final pretrial conference on September 24, 2014, at the Indianapolis Courthouse. Plaintiff appeared by counsel Jeffrey A. Macey and Quincy Erica Sauer. Defendant appeared by counsel Daniel Joseph Layden and Michelle L. Findley. David Moxley was the Court Reporter. This four-day jury trial is scheduled to commence on October 20, 2014 at 9:00 a.m., at the Birch Bayh Federal Courthouse Room 344. The doors to the courtroom will be unlocked at 7:30 a.m., and the lawyers are to arrive no later than 8:00 a.m. Voir dire will begin at 9:00 a.m. At the final pretrial conference, the trial of this case was discussed and the following rulings were made and directions given pursuant to Trial Rule 16.

1. The Court reviewed the parties' witness lists to determine who will testify and the subjects of their testimony.

    a. Defendant objected to Plaintiff's witnesses Mike Ausbrooks, Mark Sale, Keith Oberlin, Ken Gilliam, Roger Kerr, and Mike Blackwell. The Court **SUSTAINED** Defendant's objections as to Mike Ausbrooks and Mark Sale and they are **STRICKEN** from Plaintiff's witness list. The Court **OVERRULED** Defendant's objections as to Keith Oberlin, Ken Gilliam, Roger Kerr, and Mike Blackwell.

b. Plaintiff objected to Defendant's witnesses Mike DuFrane and Dale Henson.

   i. Mike DuFrane was first disclosed as a witness on September 9, 2014, and he is a vice president of Pierce Manufacturing. DuFrane is expected to testify that sometime in the winter of 2009-2010, Mr. Mullin was expected to conduct a factory visit with potential customers at the Pierce Manufacturing plant in Appleton, Wisconsin; that Mr. Mullin called DuFrane because Mr. Mullin was sick and could not conduct the tour; that DuFrane called Mike Mikoola to inform him that Mr. Mullin cancelled; and that Mikoola was upset.

   ii. Plaintiff argues that the late disclosure is a violation under Federal Rule of Civil Procedure 37(c)(1) and is prejudicial, which cannot be cured. Whether such a discovery violation results in the striking of a witness is left to the broad discretion of the trial court and depends on whether the failure to disclose is substantially justified or harmless. *See Dynegy Mktg. & Trade v. Multiut Corp.*, 648 F.3d 506, 515 (7th Cir. 2011). The Court is guided by four factors: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Tribble v. Evangelides*, 670 F.3d 753, 760 (7th Cir. 2012); *Westefer v. Snyder*, 422 F.3d 570, 584 n.21 (7th Cir. 2005).

   iii. First, the Court finds Plaintiff is prejudiced by the late disclosure of this witness. The alleged event occurred in the winter of 2009-2010. There has been ample time for discovery and extensive litigation on summary judgment and before the Seventh Circuit in this case. Defendant's theory or position that have that

the Westfield Fire Department was likely not the client involved in the contested factory tour should have become evident at the latest upon summary judgment and after Plaintiff's appeal. If Defendant wished to rebut Mr. Mullin's and the Westfield Fire Department representatives' testimony, then it was incumbent upon it to seek and disclose such evidence and witnesses prior to the close of the discovery deadline. This it failed to do. On September 8, 2014, Temco employee Greg Hinkens asked around at Pierce Manufacturing if anyone had communicated with Mikoola about Mr. Mullin missing a factory visit. Defendant's failure to ask these questions during the discovery periods and subsequent failure to timely disclose the witness has prejudiced Plaintiff.

iv. Second, Defendant argues that any such prejudice can be cured with a deposition at Defendant's expense. However, the Court finds that the issue is more complex. Not only would a deposition of DuFrane be required, but also of Tom Keiser, former Temco CFO, who contacted and spoke with DuFrane in 2012. Additionally, these depositions could likely open a Pandora's Box of discovery. Defendant asserts that DuFrane cannot remember who the client involved in this incident was, and it seems likely that it was not the Westfield Fire Department as originally testified to by Mikoola. The Court could anticipate the parties', or at least Plaintiff's, desire and need to conduct further discovery to determine which clients Mr. Mullin took on factory tours during the relevant time period to corroborate or refute DuFrane's testimony. In short, a simple and limited deposition is not a cure.

v. Third, given the need for additional discovery, the Court finds that allowing DuFrane as a witness would cause a disruption to the trial and proceeding. This action commenced in July 2011; the trial is scheduled to begin in 26 days, the parties and Court are prepared for trial, and a continuance would cause delay and hardship.

vi. Fourth, the Court does not find that Defendant's counsel acted in bad faith or willfully withheld DuFrane's identity. The Court does find that Defendant's conduct in failing to previously identify DuFrane, especially because of Keiser's 2012 contact with DuFrane and Keiser's role in depositions in 2012, lacks due diligence or care.

vii. In conclusion, the Court finds that it cannot in fairness allow DuFrane to testify as a witness at trial. The totality of the circumstances weighs in Plaintiff's favor. Defendant asked the Court to consider the prejudice it faces without DuFrane's testimony. The Court has considered this in its discretion, but finds that it is outweighed by Defendant's own conduct of failing to discover and timely disclose DuFrane. Plaintiff's objection is therefore **SUSTAINED**.

viii. As for Dale Henson, Plaintiff's objection is **OVERRULED**. Henson may testify about relevant events occurring in 2009.

c. The parties have stipulated that witnesses Ronald Baylog and Roger Johnson are unavailable. The video depositions of Baylog and Johnson may be played in their entireties at trial.

d. To avoid calling non-party witnesses twice, the Court will allow both parties to conduct direct and cross examinations the first time a non-party witness is called.

  e. The parties were ordered to confer and work out the authenticity of exhibits to avoid the need to call Defendant's witness to verify exhibits.

2. The Court heard argument on and ordered that the trial will be bifurcated into liability and damages portions. The jury will first hear the liability evidence, including necessary, relevant, and limited evidence about compensation, and determine whether Defendant is at fault and if Defendant acted willfully. If a verdict for Plaintiff is reached, the same jury will hear evidence relating to Plaintiff's back pay and benefit damages. The Court will decide the issues of front pay or reinstatement.

3. The Court reviewed the parties' exhibit lists. The Court made the following rulings on the objections:

  a. Plaintiff withdraws Exhibits 101 and 102.

  b. Plaintiff will redact Exhibit 103 and the redacted version will be admissible.

  c. Defendant's objections to Plaintiff's Exhibits 106, 108, 114, 115, 117, 118, and pages 1-5 of 123 are **OVERRULED**.

  d. Defendant's objections to Plaintiff's Exhibits 116, 124, and 130 are **SUSTAINED**.

  e. The parties will confer and stipulate as to Plaintiff's Exhibits 121, 122, and 123.

  f. The parties will work out the admissibility of Plaintiff's Exhibits 132 through 135 consistent with the bifurcation of the liability and damages portions of the trial.

  g. In accordance with Federal Rule of Civil Procedure 32, the Court will admit the deposition excerpts identified in Plaintiff's Exhibit 131 as supplemented by Defendant's additional identifications.

  h. Defendant has agreed to withdraw its Exhibits pages 1-5 of 214, 217, and 219.

i. A limiting instruction will be given to cure Plaintiff's objection to Defendant's Exhibit 222.

j. Defendants' Objections and Motion to Exclude Trial Testimony and Exhibits (Dkt. 99) is **GRANTED in part and DENIED** in part.

4. The Court ordered the parties to submit <u>3 copies</u> of their exhibit notebooks to the Courtroom Deputy Clerk by <u>12 p.m. on Friday, October 17, 2014</u>.

5. The Court noted the parties were scheduled for a settlement conference at the conclusion of the Final Pretrial Conference and that all remaining pending motions have been ruled upon.

6. The Court discussed voir dire, the jury, and opening statements.

    a. The Court will seat a jury of 8 members, with no alternates. A panel of approximately 26 jurors will be called. Counsel may pick up the jury questionnaires in person after <u>12 p.m. on Friday, October 17, 2014</u>. The questionnaires must be returned upon the completion of voir dire.

    b. The Court will question the prospective jurors with its standard voir dire and will incorporate questions submitted by counsel. The Court will review counsel's proposed voir dire and objections. After the Court completes its questioning, counsel will have up to fifteen minutes per side for follow-up questions to the panel. After challenges for cause are resolved at the bench, each side will have 3 peremptory challenges, which shall be exercised simultaneously and in writing. There will be no backstriking.

    c. During the trial, the Court informed the parties that it will allow jurors to submit written questions to witnesses, following the procedures endorsed by the 7th Circuit Bar Association.

d. The Court granted each side 20 minutes for opening statements. Counsel shall advise one another before openings of any demonstrative exhibits they intend to use so that any objections may be resolved before the openings.

7. The Court discussed jury instructions and the joint issue instruction. The Court will use its own preliminary jury instructions, which will be sent to counsel on <u>Wednesday, October 15, 2014</u>. Counsel have until <u>12 p.m. on Friday, October 17, 2014</u>, to file any objections with the Court.

8. The Court ordered the parties to confer and submit an issue instruction and verdict forms by <u>Wednesday, October 15, 2014</u>. If the parties are unable to agree on an issue instruction, the Court will determine that instruction.

9. The parties' stipulations should be filed by <u>Wednesday, October 15, 2014</u>.

10. The Court will settle final jury instructions on the last day of trial, once all the evidence is closed.

11. The Court noted that each party has filed a notice of intent to use the Court's VEPS system. Counsel may meet with the Courtroom Deputy Clerk, if training is required, on <u>Friday, October 17, 2014</u>

The conference concluded without further discussion.

SO ORDERED.

Date: 9/24/2014

                                                    Hon. Tanya Walton Pratt, Judge
                                                    United States District Court
                                                    Southern District of Indiana

Distribution:

Jeffrey A. Macey
MACEY SWANSON & ALLMAN
jmacey@maceylaw.com

Quincy Erica Sauer
MACEY SWANSON & ALLMAN
qsauer@maceylaw.com

Barry A. Macey
MACEY SWANSON AND ALLMAN
bmacey@maceylaw.com

Daniel Joseph Layden
WILLIAMS BARRETT & WILKOWSKI, LLP
dlayden@wbwlawyers.com

William W. Barrett
WILLIAMS HEWITT BARRETT & WILKOWSKI LLP
wbarrett@wbwlawyers.com

Michelle L Findley
WILLIAMS, BARRETT, & WILKOWSKI, LLP
mfindley@wbwlawyers.com